IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHARI C. HOLWEG and TIMOTHY J. HOLWEG,<br><br>Plaintiffs,<br><br>vs.<br><br>ACCREDITED HOME LENDERS, INC., CHASE HOME FINANCE, LLC, ADVANCE TITLE, eTITLE INSURANCE AGENCY, TRUSTEE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and JOHN DOES I - V,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER<br><br><br>Case No. 2:09-CV-1 TS |

I.  BACKGROUND

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order, filed January 5, 2009.  Plaintiffs allege that Defendants have violated various state and federal Truth-in-Lending regulations and consumer protection statutes, and that these violations entitle Plaintiffs to a rescission of Plaintiff's mortgage.  A private foreclosure sale of the Plaintiffs' residence is scheduled for January 6, 2009, at 2:00 p.m., and Plaintiffs seek an ex parte injunction prohibiting

Defendants from proceeding with that sale. Because the Court does not find that the pending sale of Plaintiffs' residence constitutes irreparable harm, Plaintiffs' Motion will be denied.

## II.  DISCUSSION

The Tenth Circuit has stated that "[a] preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal."[1]  Plaintiffs must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause Defendants; and (4) the injunction, if issued, will not adversely affect the public interest.[2]

Plaintiffs request that the Court issue the Temporary Restraining Order *ex parte*, due to the limited time between the case being filed and the time scheduled for the foreclosure sale. Rule 65(b)(1) of the Federal Rules of Civil Procedure allows for the issuance of a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[3]  Additionally, the movant's attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required."[4]

Plaintiffs' counsel has filed a Verified Complaint, an Affidavit of Plaintiffs' Legal Counsel Regarding Notice to Defendants, and a Supplemental Affidavit of Plaintiffs' Legal Counsel Regarding Notice to Defendants Re. FRCP 65(b)(1)(B). All contain facts intended to comply with

---

[1] *Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[2] *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[3] Fed. R. Civ. P. 65(b)(1)(A).

[4] Fed. R. Civ. P. 65(b)(1)(B).

the requirements of Rule 65(b). After a review of all documents, however, the Court finds that sale of Plaintiffs' residence does not constitute irreparable harm. "A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain."[5] While the sale of their residence would clearly be disruptive to Plaintiffs' lives, such a disruption and any accompanying injuries are not irreparable, in that they could be quantified with relative ease, and an effective monetary remedy granted.

Furthermore, the only reason that the threatened injury arguably has the immediacy required for a temporary restraining order is that Plaintiffs waited until the day prior to the foreclosure sale to file their Verified Complaint and Motion for Temporary Restraining Order.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Temporary Restraining Order is Denied.

DATED   January 5, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001).